WRIGHT, J.
If you declare on a special contract and also on the common counts, and fail to prove the special contract, you may resort to the common counts, if the case be such that you might recover upon it if there had been no special contract.
If negotiable notes are given upon a contract, and the notes are outstanding at the trial, without being accounted for, a party cannot resort to his contract and recover as if no notes were given.
If a note, the foundation of the action,be lost, oris in possession of the defendant, its contents may be proved after a call upon the defendant to produce it, and a refusal.
Under our statute, a party has a right to call on his adversary for copies of any paper he has material to the issue, and to give written notice to produce them, at the trial, and if he fail, the court will compel the production, or give judgment by default: (29 O. L. 75.)

Mr. Strait,

the attorney for the defendant, was then sworn as a witness, and asked to produce the notes. He said he had a note in his possession, but declined to produce it.

Mr. Storer

asked the court to direct the witness to produce the note.

Witness.

They are not now in my possession or control.

Witness.

They were.

Witness.

I pushed them toward my client since the question was asked, and I suppose he took them.

Witness.

I do not know that I can.
You have declared on these notes, as if in your own possession, and say they are in the possession of the defendants, hut you have given'no notice to produce them and do not bring yourself within the statute. You cannot prove their contents as lost papers, because the claim is that they are not lost, but in the hands of the defendant.
I doubt if you can recover on the common count for land sold.
586] *WRIGHT, J. We have just decided that without notice the court cannot order the production of papers.
The witness was then asked if he would state the contents of the notes ? He replied that he had not got the notes then, and did not know that he could.
WRIGHT, J. Can you refer to the notes, to refresh your memory as to their contents ?
WRIGHT, J. Were they in your possession when you were sworn ?
WRIGHT, J. Have they been put out of your hand since, and if so, to whom have you given them ?
WRIGHT, J. Can you refer to them?
WRIGHT, J. You can see. It will not be permitted a witness, while on the stand, by his voluntary act to disqualify himself from testifying. It would be a scandal to the administration of justice, if it were so. You can either refer to the notes and testify, or abide the consequence of a refusal.
Storer then offered the following note:
“I do hereby bind myself to pay to the heirs of John John, deceased, or their guardian, the sum of one hundred dollars, for IFro. John, with interest till paid, this 25th February, 1825.
“Lemuel John.”
Morris, for the defendant,
objected to this and all the evidence about the notes, they are all dated in 1825, while those declared on, are dated in 1827.
As to this particular note, it is not to the plaintiff, but by the defendant as the plaintiff's agent, to the heirs of John John.
Storer, in reply,
cited: 1 John. 439; 2 John. Cases 58; Caines 148.

Storer.

I know it can be sustained, and such are the authorities.
When Storer, for the plaintiff, and Morris, for the defendant,
had closed their arguments to the jury,
The witness then stated that the notes were dated the 23d February, 1825, one was for $150, and assigned to James Wright; the other was receipted on the back.
WRIGHT, J. The party for whose use a note is given, may, in some eases, sue on it, to avoid circuity of action. I, at first, doubted if this note was not, as the defendant’s counsel supposed, given for William John, to John John's heirs, but on examination, think it given for the plaintiff’s use. The objection to the variation *in date applies to the counts on the notes, and is fatal; they [587 may go for the present, and we will see whether any use can be made of the evidence under the money count. I still think an implied assumpsit for land sold cannot be maintained; but asyou have made up your issue upon that point, proceed.
WRIGHT, J. The positive knowledge of counsel, when insisted upon as to matters of fact, will be relied upon by the court. In matters of law, however, we must be governed by oiir own poor judgments. The authorities appealed to may be produced if relied upon.
Much other evidence was given on both sides, and amongst other things the application of the plaintiff for a discharge under the insolvent law with a schedule of his debts, in which the present demand was not included, an assignment of all his effects, credits, •&c., to the commissioner of insolvents.
Storer and Fox contended,
that although the assignment must vest the equitable interest in the commissioner, the legal right was in the insolvent, and suit could only be in his name; none but the assignees of negotiable paper can sue in their own names, and so the Court of Common Pleas decided.
WRIGHT, J. invited the counsel to discuss the effect which the assignment to the commissioner of insolvents, made since suit brought, had on the plaintiff’s demand.
WRIGHT, J. The insolvent commissioner’s books being offered in evidence without reading, I did not notice the assignment until the attention of counsel was called to it.
The law under which this proceeding was had (22 O. L. 321) requires of the insolvent to assign to the commissioner in trust for his creditors, “ by deed or instrument of writing,” all debts due or to become due, or in any manner accruing, and no form of words shall be necessary to the transfer, &g. The commissioner is empowered to prosecute or defend any suit he may deem necessary in settling the insolvent’s estate. Suits pending are to be prosecuted by the commissioner as if no assignment had been made, but new suits are to be brought in the name of the commissioner, or of the insolvent, as the case may require. The legal right in these choses in action is by law vested in the commissioner, and he is authorized to sue in his own name, except the case may require the use of that of the insolvent. In this case, the insolvent has no legal interest; that is 588] *in the commissioner of insolvents. It is not pretended that the commissioner is prosecuting this suit for the creditors — we have ocular demonstration to the contrary. The plaintiff is suing for a matter in which he had no legal interest when he brought suit — ■ it would seem, of course, that he could have no right to recover.
But it is said this claim is not negotiable, and therefore must be sued in the name of the insolvent. We recur again to the fact, that it is John, and not the insolvent commissioner, that has sued. Is it not, however, competent for the legislature to prescribe the mode of transferring legal interest in choses in action, and to direct that a recovery may be had in the name of one kind of assignee, as well as another. Can the usage of merchants effect more as to the legal right to sue, than the positive act of the legislature? That will not be pretended. The legislature, then, has provided for the transfer of all the rights of the insolvent, legal and equitable, by assignment without particular form of words to the commissioner, and *607 authorized him to prosecute claims in his own name, or in certain-cases, in the name of the insolvent. Who, then has brought this suit ? Not the commissioner of insolvents in the name of the insolvent, but the insolvent himself — one having no legal interest in the suit. The rights of the parties must be determined as their interest appears. It is a part of the case that the plaintiff has no right of action against the defendant. We are, therefore, of opinion that by the fact of assignment, the right of action is vested in the commissioner, and must instruct the jury that the plaintiff has no-right to recover.
The parties declined further argument.
Verdict for the defendant.
Motion for a new trial reserved to the Court in Bank, and there overruled: (see 6 O. 271).